UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00021-RJC-DCK

| ANDRE R. JACKSON, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| LOUIS DEJOY, *Postmaster General*, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on pro se Plaintiff's Motion for Entry of Default (the "Motion"). (Doc. No. 6). For the reasons stated herein, the Motion for Entry of Default is **DENIED**. Plaintiff shall file proof of proper service on the Defendant within thirty (30) days of this Order or the Court will dismiss this case.

## I. BACKGROUND

Plaintiff filed the Complaint against Defendant Postmaster General Louis DeJoy on January 14, 2022. (Doc. No. 1). Thereafter, on April 19, 2022, the Court denied Plaintiff's motion to proceed in forma pauperis. (Doc. No. 3). On April 28, 2022, a summons was issued to "Louis Dejoy, Postmaster General" at an address located in Charlotte, North Carolina. (Doc. No. 4). Plaintiff filed a proof of service of summons the next day, indicating the Plaintiff served the summons at "United States Postal Service" in Charlotte, North Carolina. (Doc. No. 5). On July 5, 2022, when Defendant had not responded to the Complaint, Plaintiff filed his pro se request for entry of default. (Doc. No. 6). Plaintiff requests an entry of default because Defendant failed to respond to the Complaint by June 27, 2022. (*Id.*).

## II. DISCUSSION

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "It is axiomatic, however, that effective service of process on a defendant must be accomplished as a prerequisite for entry of default against that defendant." *Henderson v. L.A. Cty.*, No. 5:13-cv-635, 2013 U.S. Dist. LEXIS 170928, at *2–3 (E.D.N.C. Dec. 3, 2013) (quotation marks omitted). "This is because a defendant's duty to respond to a complaint only arises upon proper service of process." *Hinson-Gribble v. United States Office of Pers. Mgmt.*, No. 5:16-cv-00070, 2018 U.S. Dist. LEXIS 142561, at *5 (E.D.N.C. Aug. 22, 2018). "Thus, plaintiff must show, by affidavit or otherwise, that proper service of process has been effected before default may be entered." *Henderson*, 2013 U.S. Dist. LEXIS 170928, at *3. "Except where service is made by a United States marshal or deputy marshal, proof of service must be made to the court by the server's affidavit." *Hinson-Gribble*, 2018 U.S. Dist. LEXIS 142561, at *5 (citing Fed. R. Civ. P. 4(l)(1)).

A plaintiff must serve the United States when he brings an action against an officer or employee of the United States. Fed. R. Civ. P. 4(i)(2)-(3). Under Rule 4(i) of the Federal Rules of Civil Procedure, to serve the United States a plaintiff must serve the summons and complaint on the United States attorney's office in the district where the action is brought or by registered or certified mail to the civil-process clerk and the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1)-(2). Here, Plaintiff has not provided proof of service of the summons and complaint on the United States attorney's office or the Attorney General of the United States as required by Rule 4(i). Accordingly, Plaintiff's motion must be denied because he failed to show proper service of process on the Defendant.

Further, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). More than 90 days has passed since Plaintiff filed this action and also since the Court denied his motion to proceed in forma pauperis. Accordingly, Plaintiff shall file proof of proper service on the Defendant within thirty (30) days of this Order or the Court will dismiss this case.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion for Entry of Default, (Doc. No. 6), is **DENIED**; and
2. Plaintiff shall file proof of proper service on the Defendant within thirty (30) days of this Order or the Court will dismiss this case.

Signed: August 9, 2022

Robert J. Conrad, Jr.
United States District Judge